IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV586-MU

COVENANT MEDIA OF NORTH CAROLINA, )
L.L.C., MEI YONG "BILLY" XIAO, and )
CHINA BUFFET, L.L.C., )
      Plaintiffs, )
)
v. )
) ORDER
CITY OF MONROE, NORTH CAROLINA, )
      Defendant. )
)

     THIS MATTER is before the Court upon the Defendant's Motion for Summary Judgment against Plaintiff Covenant Media. The issue has been exhaustively briefed, and a hearing was held on February 13, 2007. For the reasons set forth below, Defendant's motion is GRANTED.

**I. BACKGROUND**

     In 2000, Trinity Outdoor, L.L.C. ("Trinity"), a Georgia-based outdoor advertiser, began to seek out small towns with potentially unconstitutional sign ordinances and challenge those ordinances in court. These challenges frequently resulted in a temporary repeal of all sign ordinances or a settlement, either outcome allowed Trinity to build multiple billboards in undeveloped areas. Trinity's owners, Morgan Hudgens and Dan Cowart, also founded KH Outdoor, L.L.C., which employed the same strategy in Florida and Alabama. Immediately following a Fourth Circuit ruling that denied Trinity standing to challenge a sign ordinance in a state where it was not registered to do business, Hudgens and Cowart formed at least ten new corporations under the name of Covenant Media, each created in a different state. Plaintiff

Covenant Media of North Carolina ("Covenant") is one of these corporations.

In July and August of 2004, Covenant acquired leases from several landowners in Defendant Monroe, North Carolina ("Monroe"), including Plaintiff China Buffet, L.L.C. ("China Buffet"), owned by Plaintiff Mei Yong "Billy" Xiao ("Xiao"). Covenant then drafted applications for several billboards, each violating at least one of four provisions of the Monroe sign ordinance: a 250-square foot size limitation, a 50-foot minimum setback from nearby buildings requirement, a 1,000-foot minimum spacing from other billboards requirement, and a minimum 40-foot spacing from ground signs requirement. Each application was rejected for these violations within five days of submission.

After this rejection, Covenant, along with Xiao and China Buffet (collectively, "Plaintiffs"), filed a Motion for Preliminary Injunction, alleging that Monroe's sign regulations are rife with First Amendment violations that chill the free speech of themselves and others not before the court. They instituted this action seeking repeal of the entirety of the sign ordinance, including provisions not cited as unconstitutional.

Monroe adopted a new sign code on April 4, 2006, 17 months after the filing of the Complaint in this action. On November 3, 2006, Monroe filed a Motion for Summary Judgment against Covenant. In response to the changes in the ordinance, Covenant withdrew their Motion for Preliminary Injunction on November 17, 2006. The only issue still before this Court is the Motion on Summary Judgment, which has been fully briefed.

## II. ANALYSIS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met the initial burden, the non-moving party must come forward with specific facts demonstrating a genuine issue for trial. *Celotex*, 477 U.S. at 323. A genuine issue for trial exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Pursuant to Rule 56(e), after "a motion for summary judgment is made . . . an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading," rather "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. C. P. 56(e); *Anderson*, 477 U.S. at 250. This is particularly important where the nonmoving party bears the burden of proof. *Hughes v. Bedsole*, 48 F.3d. 1376, 1381 (4th Cir. 1995). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249-50. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff. *Id.* at 252. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict.

When considering summary judgment motions, courts must view the facts in the light most favorable to the party opposing the motion. *Austin v. Clark Equip. Co.*, 48 F.3d 833, 835 (4th Cir. 1995). "[T]he court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). Indeed, summary judgment is

only proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations omitted). However, in reviewing the whole record, the Court must remember to "disregard all evidence favorable to the moving party that the jury is not required to believe" and, therefore, only "give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that [the] evidence comes from disinterested witnesses." *Reeves*, 530 U.S. at 151.

      **A.    Covenant cannot fulfill the constitutional requirement of standing**.

Article III of the Constitution limits federal courts to hearing only lawsuits where there is a case or controversy. U.S. Const. Art. II, § 2. Before a party can bring that case or controversy, that party must must demonstrate that it has standing to challenge the issue before the Court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To demonstrate standing, a party must show 1) injury; 2) causal connections between the injury and the conduct complained of; and 3) a likelihood that the injury will be redressed by a favorable decision. *Id.* at 560-61. The injury asserted by a plaintiff must have been suffered by that plaintiff; a plaintiff cannot present claims of third parties who are not part of the lawsuit. *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

Covenant argues their injury is the denial of their permit applications. Covenant's permits were denied on the content-neutral and constitutionally valid restrictions of height, set-back and spacing. Since the denials were based on constitutional requirements, Covenant cannot submit the denial as an unconstitutional injury.

### B. Covenant cannot rely on the overbreadth doctrine.

The overbreadth doctrine is an exception to the traditional constitutional standing requirement, allowing plaintiffs to challenge a statute on the grounds that it violates the First Amendment rights of third parties not before the court. *See Secretary of State of Maryland v. J.H. Munson Co.* 467 U.S. 947 (1984). If the plaintiff's claim is allowed under one of the third-party exceptions, that plaintiff must still meet the constitutional standing requirements of injury, causation, and redressability.

In this case, since Covenant cannot demonstrate that it has suffered an actual injury because Monroe's denial of Covenant's applications was constitutional, it cannot employ the overbreadth doctrine.

The current case is factually similar to a recent 6th Circuit case. In *Prime Media, Inc. v. City of Brentwood,* 474 F.3d 332, an outdoor advertising company challenged a city's billboard ordinance that imposes height, set-back, and spacing restrictions. The 6th Circuit held that (1) the overbreadth doctrine did not provide the plaintiffs with standing to challenge the ordinance provisions and (2) the plaintiffs lacks the injury-in-fact element of standing as to the ordinance provisions other than size and height restrictions. The Court found the city's restrictions to be content neutral, and Prime Media, therefore, failed to fulfill the requirement of injury-in-fact. *Id.* at 338. Similar to this case, since Prime Media failed to show an injury, the overbreadth doctrine could not apply to their argument, and they did not have standing.

Since Covenant has failed to prove standing, the initial hurdle to establishing jurisdiction, the Court sees no merit in evaluating any more of Covenant's claims.

THEREFORE IT IS ORDERED that Defendant Monroe's Motion for Summary Judgment is GRANTED and this matter is dismissed with prejudice.

Signed: March 1, 2007

Graham C. Mullen
United States District Judge